UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOEL CARR,<br><br>       Plaintiff,<br><br>    v.<br><br>USDA FARM SERVICE AGENCY, and ARLENE STRATE for NATALIE & HALEY DEKING,<br><br>       Defendants. | NO.  CV-04-272-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DEFENDANT'S ORDER DATED 3/11/05** |

   Before the Court is Plaintiff's Motion for Relief from Defendant's Order dated 3/11/05 (Ct. Rec. 45).  The motion was heard without oral argument.

   On March 11, 2005, the Court entered an order dismissing Plaintiff's case for lack of federal subject matter jurisdiction.  In his motion, Plaintiff asks the Court to "rescind the Order Granting Defendant Arlene Strate's Motion to Dismiss; Denying Remaining Motions dated 3/11/05."  Plaintiff cites "mistakes, inadvertence, neglect and fraud."

   In his memorandum, Plaintiff fails to set forth the authorities upon which he is relying in support of his motion.[1]  Under Fed. R. Civ. P. 59 (e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

---

   [1]On April 5, 2005, Plaintiff wrote a letter to the Clerk of Court, in which he took issue with the Clerk's Office designating his motion as a motion for reconsideration.  The Court reviewed Plaintiff's motion on the merits, regardless of the caption that was given by the Clerk's Office.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM DEFENDANT'S ORDER DATED 3/11/05 ~ 1**

1  district court is presented with the need to correct a clear error or prevent manifest
2  injustice, newly discovered evidence is introduced, or there is an intervening change in
3  the controlling law. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.
4  1999). In order to succeed on a motion for reconsideration, a party must set forth facts
5  or law of a strongly convincing nature to induce the Court to reverse its prior decision.
6  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.
7  1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).
8  Plaintiff has failed to meet his burden of convincing the Court to reverse its prior order.
9       Fed. R. Civ. P. 60(b) provides, in relevant part:
10        On motion and upon such terms as are just, the court may relieve a
11        party or a party's legal representative from a final judgment, order, or
12        proceeding for the following reasons: (1) mistake, inadvertence, surprise or
13        excusable neglect; (3) fraud; . . . or (6) any other reason justifying relief
14        from the operation of the judgment.
15 Fed. R. Civ. P. 60(b).
16      Plaintiff has failed to meet his burden of establishing mistake, inadvertence,
17 neglect and fraud, or any other reason justifying relief from the Court's order.
18      Accordingly, **IT IS HEREBY ORDERED**:
19      1. Plaintiff's Motion for Relief from Defendant's Order dated 3/11/05 (Ct. Rec.
20 45) is **DENIED**.
21      2. The Clerk of Court is directed to enter judgment in favor of Defendants.
22      **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter
23 this order and furnish a copy to Plaintiff and counsel.
24      **DATED** this 2nd day of May, 2005.
25
26                        s/ ROBERT H. WHALEY
                       United States District Judge
27
28 Q:\CIVIL\2004\Carr\ord.dismiss.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM
DEFENDANT'S ORDER DATED 3/11/05 ~ 2**